IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HEATHER ROBBINS *o/b/o*
A.L.R., *a minor child*                                                                  PLAINTIFF


v.                                    CIVIL NO. 16-2283


NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                           DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Heather Robbins, brings this action on behalf of her minor daughter, A.L.R., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying A.L.R.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act).

Heather Robbins protectively filed the application for SSI on her minor daughter A.L.R.'s behalf on August 27, 2013, alleging that A.L.R., who was a school-age child when the application was filed, is disabled due to ADHD, ODD and a sleep disorder. (Tr. 61, 182). An administrative hearing was held on December 9, 2015, at which, Plaintiff and A.L.R. appeared with counsel and testified. (Tr. 36-59).

The ALJ, in a written decision dated December 23, 2015, found that A.L.R. had the following severe impairments: ADHD. (Tr. 16). However, the ALJ further found that as

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

A.L.R. did not have an impairment or combination of impairments that was medically or functionally equal to a listed impairment, A.L.R. was not disabled. (Tr. 13-31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence, denied that request on October 20, 2016. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and this case is before the undersigned pursuant to the consent of the parties. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The regulations prescribe a three-step process for making the disability determination. First, the ALJ must determine whether the child has engaged in substantial gainful activity. See 20 C.F.R. 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. See 20 C.F.R. 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a

2

listed impairment. See 20 C.F.R. § 416.924(d). In the present case, the ALJ found that A.L.R.'s claim failed at step three, as A.L.R. did not have an impairment that met or medically or functionally equaled a listed impairment.

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 2nd day of February 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE